## Electric Insurance Co. v. Liney

*William F. Sweeney*, for plaintiff.

*Jeffrey M. Freedman*, for defendant Liney.

*Matthew S. Donaldson, Jr.*, for defendant Philadelphia National Bank.

deFURIA, *J.*, January 29, 1975—Plaintiff, insurance company, filed a complaint in assumpsit with separate counts against defendants.

Defendant Liney filed preliminary objections to the amended complaint. Defendant bank filed an answer and new matter to which plaintiff did not reply. The bank then moved for judgment on the pleadings.

Both matters were heard at argument and are before us for disposition.

Defendant Liney claims that plaintiff has failed to state a cause of action against him.

The amended complaint alleges that the Department of Transportation issued a certificate of title to a certain motor vehicle, identified by make and serial number, through a forged dealer's application; that G.M.C., the sole and exclusive manufacturer of Buicks, never built, assembled or manufactured the automobile indicated in the certificate of title; that defendant Liney falsely represented to plaintiff that such a vehicle existed and obtained theft insurance on said car; that, when Liney reported the vehicle stolen, the insurance proceeds of $4,275 were paid jointly to Liney and the bank, a registered security holder.

Plaintiff sued for the return of that share of the proceeds Liney received, $1,411.20, claiming a breach of contract.

While the complaint does contain some conclusions of fact, these are immaterial, since the basis of the action against Liney is clear: the contract of insurance was a nullity, and Liney, at the least, unjustly enriched himself.

The insurance contract was not attached to the amended complaint. Plaintiff's request to do so at this time should be granted. Both Liney and the bank were aware of the insurance contract and its terms.

The amended complaint against the bank alleges that Liney borrowed $2,400 from the bank in order to purchase said vehicle; that the bank had its security interest noted on the certificate of title; that, as a condition of the loan, Liney was to obtain theft insurance with the bank named in the policy as a secured creditor; that plaintiff then did issue the policy; that plaintiff paid the stolen car claim to Liney and the bank. Wherefore, the bank was unjustly enriched by $2,863.80 of the $4,275 payment.

The bank filed an answer denying knowledge of misrepresentation, and it also filed new matter which merely outlines the loan, the title certificate notation of encumbrance, the condition of insurance, and plaintiff's payment to it. Failure to answer these allegations by plaintiff merely admits the very claim that plaintiff is making.

The bank maintains that it was innocent, gave value and was not unjustly enriched. The bank's claim is without merit.

A policy creditor has no higher derivative rights than the insured owner: G.E. Credit Corp. v. Aetna Cas. & Surety Co., 437 Pa. 463, 473 (1970). The bank admits that had the misrepresentation come to light before payment by the insurance company, it would have no enforceable right under the policy.

But since the bank was not "involved" in the misrepresentation, and gave value innocently, payment to it did not unjustly enrich it: National Maritime Union v. Paschaledes, 192 Pa. Superior Ct. 362 (1960), cited by the bank is not in point. There the third party rendered services of value to the payer, who mistakenly made payment.

The bank made its loan to Liney on March 8, 1972, after the insurance was obtained on March 3, 1972, and as a specific condition of the loan. The bank's creditor interest was noted on the title certificate, which was the basis for the issuance of the insurance. The title certificate, however, was valueless. Although the bank is innocent, it cannot prevail over plaintiff, under these circumstances: Restatement, Restitution, §1. Restitution must be made for a payment made on an ineffective agreement because of fraud or mistake unless the payee gave value or changed his position without notice of the cause for avoidance.

The bank did not give value nor did it *change its position* as a result of the payment when it released its encumbrance against Liney's title. Liney never had a valid title nor was the bank ever a valid lienholder or policy creditor.

Wherefore, we enter the following

## ORDER

And now, January 29, 1975, defendant William J. Liney's preliminary objections are overruled and dismissed;

Plaintiff may file a copy of the insurance contract of record as an exhibit to be attached to its amended complaint;

Defendant Philadelphia National Bank's motion for summary judgment is refused and dismissed.